# EXHIBIT A-1

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re UNILIFE CORPORATION SECURITIES LITIGATION | Master File No. 16-cv-03976-RA<br><br>Honorable Ronnie Abrams |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between November 9, 2011 and November 14, 2016, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the common stock of Unilife Corporation ("Unilife") and were damaged thereby (the "Settlement Class").[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed lead plaintiffs, Richard Carrazza and Richard Farino ("Lead Plaintiffs"), and plaintiffs Bill Bulcock and Manuel Quintero (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 22 below), have reached a proposed settlement of the Action for $4,400,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Unilife, any other defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 82 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Unilife, Alan Shortall ("Shortall"), and Dennis Pyers ("Pyers")

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 22, 2017 (the "Stipulation"), which is available at www.unilifesecuritieslitigation.com.

(collectively, the "Defendants")[2] and defendant Jim Bosnjak, violated the federal securities laws by making false and misleading statements regarding Unilife. A more detailed description of the Action is set forth in ¶¶ 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 22 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $4,400,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 12-18 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Unilife common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.33.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold shares of Unilife common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 12-18 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Pomerantz LLP and Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund plus interest.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $135,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by

---

[2]   Defendants Shortall and Pyers are collectively referred to herein as the "Individual Defendants".

Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Unilife common stock, if the Court approves Lead Counsel's fee and expense application, is $0.11 per eligible share.

6.      **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, 1-(888) 476-6529, settlement@pomlaw.com and Lionel Z. Glancy, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, California 90067, 1-(888) 773-9224, settlements@glancylaw.com.

7.      **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO A HEARING ON _____, 2017 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | Filing a written objection and notice of intention to appear by _____, 2017 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                               Page __
What Is This Case About?                                                 Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                             Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                    Page __
What Might Happen If There Were No Settlement?                           Page __
How Are Settlement Class Members Affected By The Action
  And The Settlement?                                                    Page __
How Do I Participate In The Settlement?  What Do I Need To Do?           Page __
How Much Will My Payment Be?                                             Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                          Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                             Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                          Page __
What If I Bought Shares On Someone Else's Behalf?                        Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?    Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Unilife common stock during the Settlement Class

4

Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶ 73 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     Two class action complaints were filed in the United States District Court for the Southern District of New York (the "Court"), which by Order dated August 24, 2016, were consolidated and recaptioned as *In re Unilife Corporation Securities Litigation*, Master File No. 16-cv-03976-RA and Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

12.     On October 24, 2016, Plaintiffs filed their Consolidated Amended Class Action Complaint (the "Amended Complaint") asserting claims against all Defendants and defendant Jim Bosnjak under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and defendant Jim Bosnjak under Section 20(a) of the Exchange Act.  (Dkt. No. 28).  Among other things, the Amended Complaint alleged that Defendants and defendant Jim Bosnjak made materially false and misleading statements about Unilife's management, operations, and prospects, and misled investors about the Individual Defendants' and defendant Jim Bosnjak's involvement in the actions uncovered by the company's internal investigation regarding potential violations of law and regulations by defendants Alan Shortall and Jim Bosnjak.  The Amended Complaint further alleged that the prices of Unilife publicly-traded securities were artificially inflated as a result of Defendants' and defendant Jim Bosnjak's allegedly false and misleading statements, and declined when the truth was revealed.

13.     On December 8, 2016, the Parties entered into a joint stipulation wherein Defendants agreed not to object to Plaintiffs filing a second amended consolidated complaint to add allegations relating to the public filings made by Unilife with the Securities and Exchange Commission ("SEC") on October 24, 2016 and thereafter.  The joint stipulation was approved by the Court on December 12, 2016.

14.    On December 14, 2016, Plaintiffs filed and served the Second Amended Consolidated Class Action Complaint (the "SAC").  The SAC, like the Amended Complaint, asserted claims against all Defendants and defendant Jim Bosnjak under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and defendant Jim Bosnjak under Section 20(a) of the Exchange Act.  The SAC alleged claims substantially similar to those alleged in the Amended Complaint, but also included allegations concerning public filings made by Unilife with the SEC on October 24, 2016 and thereafter.

15.    Although the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. Thus, they began to explore whether a settlement could be reached through a mediation process.

16.    On January 17, 2017, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before a highly experienced third-party mediator, Jed D. Melnick, Esq. (the "Mediator").  In advance of that session, the Parties exchanged, and provided to the Mediator, detailed mediation statements and exhibits that addressed liability and damages issues.  During the mediation session, both sides made detailed, adversarial presentations about the merits of Plaintiffs' claims and the defenses to those claims.  The session ended without an agreement being reached.

17.    Over the course of the next several weeks, the Mediator conducted further discussions with the Parties, which culminated in the reaching of an agreement in principle to settle the Action for $4,400,000 for the benefit of the Settlement Class.

18.    On April 12, 2017, Unilife filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), and on April 13, 2017, filed Notice of Bankruptcy in this Action.  On April 14, 2017, the Court stayed this Action.  Lead Plaintiffs moved for relief from the automatic stay in the Bankruptcy Court on May 19, 2017.  On June 9, 2017, the Bankruptcy Court modified the automatic stay of 11 U.S.C. § 362(a) to permit Lead Plaintiffs to seek approval in this Action of the settlement with Unilife and the Individual Defendants and use insurance proceeds to pay the Settlement Amount and defense costs ("Bankruptcy Court Order").  In light of the Bankruptcy Court Order, Lead Plaintiffs requested that the stay in this Action be lifted so that the parties can pursue settlement of the claims.  Lead Plaintiffs' unopposed request to lift the stay in this Action was granted by the Court on June 15, 2017.

19.    Based upon their investigation and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or

6

concession on the part of any of the Defendants, or any of the Defendants' Releasees (defined in ¶ 32 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21.   On _____, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

> **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
> **WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

22.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired Unilife Securities[3] between November 9, 2011 and November 14, 2016, inclusive and were damaged thereby.

Excluded from the Settlement Class are Defendants, the present and former Officers and directors of Unilife and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2017.**

> **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

23.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.   They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as

---

[3] Unilife Securities is defined as Unilife common stock traded on the NASDAQ.

well as the very substantial risks they would face in establishing liability and damages. Moreover, as to Plaintiffs' claims, Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery as to that statement.  For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because other disclosures were made at the time of the alleged disclosure of the alleged fraud.  Plaintiffs would have to prevail at several stages – motions to dismiss and for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

24.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $4,400,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

25.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

27.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in

the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

29.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) against the Defendants and the Defendants' Releasees (as defined in ¶ 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

31.   "Released Plaintiffs' Claims" means any and all claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims, that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Unilife securities during the Settlement Class Period, including without limitation any related to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in the Action and any for negligence, gross negligence, breach of duty of candor, fraud, or negligent misrepresentation.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Derivative Actions[4]; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

32.   "Defendants' Releasees" means Defendants, Jim Bosnjak, and Unilife's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former Officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the Immediate Family members, heirs, executors, personal or legal representatives,

---

[4] Derivative Actions are defined as the actions captioned: *DeStephano v. Wold*, *et al.*, 17-CV-00220-RA (S.D.N.Y.); *D'Arcy, et al. v. Shortall, et al.*, 2016-SU-001831-49 (C.P. York); and *Herman v. Shortall, et al.*, 2016-SU-001995-74 (C.P. York).

estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

33. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Members' decision not to opt-out or object.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Defendants' Releasees and each of the Plaintiffs' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, any other Settlement Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment, or if applicable, the Alternative Judgment, shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 35 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

35. "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims

asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Defendants' Releasees, any claims between the Defendants and Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

36.   "Plaintiffs' Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

37.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2017**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.unilifesecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-864-9035. Please retain all records of your ownership of and transactions in Unilife common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

38.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid four million four hundred thousand dollars ($4,400,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

41.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.   Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

42.   Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2017 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

44.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Unilife common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.   They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases or acquisitions of Unilife common stock during the Settlement Class Period may be made by the plan's trustees.   To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

45.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

46.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

47.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Unilife common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.   Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.   Unilife common stock is the only security that is included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

48.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.   The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be

calculated for each share of Unilife common stock purchased or otherwise acquired during the Settlement Class Period, November 9, 2011 through November 14, 2016, both dates inclusive.[5] The calculation of Recognized Loss will depend upon several factors, including when the Unilife common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such shares were sold, and if sold, when they were sold, and for what amounts.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.   Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.   The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

49.   The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Unilife common stock was artificially inflated during the Settlement Class Period.   The estimated alleged artificial inflation in the price of Unilife common stock is reflected in Table 1 below.   The computation of the estimated alleged artificial inflation in the price of Unilife common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

50.   Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions.   Thus, in order to have been damaged by the alleged violations of the federal securities laws, Unilife common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.   Plaintiffs and Lead Counsel have determined that such price declines occurred on: August 25, 2015; May 9, 2016; May 12, 2016; May 13, 2016; May 24, 2016; July 29, 2016; and November 3, 2016 (the "Corrective Disclosures"). Accordingly, if Unilife common stock was sold before August 25, 2015 (the earliest Corrective Disclosure date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws.   Likewise, if Unilife common stock was both purchased and sold between two consecutive Corrective Disclosure dates, the Recognized Loss for such stock is $0.00.

---

[5] During the Class Period, Unilife common stock was listed on the NASDAQ Global Market (NASDAQ GM) under the ticker symbol "UNIS."   A 1-for-10 reverse stock split took place during the Class Period on May 13, 2016.   Herein, UNIS share quantities and prices are reported on an adjusted basis.

| Table 1 Artificial Inflation in Unilife Common Stock[6, 7] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| November 9, 2011 | August 24, 2015 | $4.21 |
| August 25, 2015 | May 8, 2016 | $3.22 |
| May 9, 2016 | May 11, 2016 | $1.72 |
| May 12, 2016 | May 12, 2016 | $1.45 |
| May 13, 2016 | May 23, 2016 | $1.20 |
| May 24, 2016 | July 28, 2016 | $0.90 |
| July 29, 2016 | November 2, 2016 | $0.32 |
| November 3, 2016 | Thereafter | $0.00 |

51.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Unilife common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Unilife common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Unilife common stock during the 90-Day Lookback Period.  The Recognized Loss on Unilife common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of the Unilife common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

52.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

## CALCULATION OF RECOGNIZED LOSS PER SHARE PF UNILIFE COMMON STOCK

53.    Based on the formula set forth below, a Recognized Loss Amount per share shall be calculated for each purchase or acquisition of Unilife common stock during the Settlement Class Period (i.e., November 9, 2011 through November 14, 2016, inclusive) that is listed in the Proof of Claim Form and for which adequate documentation is provided.

    i.    For each share of Unilife common stock that was sold prior to August 25, 2015, the Recognized Loss per share is $0.00.

---

[6] Any transactions in Unilife common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[7] November 3, 2016 is the latest Corrective Disclosure date.  Thus, the estimated per-share price inflation in Unilife common stock after November 2, 2016 is $0.

ii.   For each share of Unilife common stock that was sold during the period August 25, 2015 through November 14, 2016, inclusive, the Recognized Loss per share is: the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.  For each share of Unilife common stock that was sold during the period November 15, 2016 through February 10, 2017, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.   For each share of Unilife common stock that was still held as of close of the U.S. financial markets on February 10, 2017, the Recognized Loss per share is *the lesser of*:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the per-share purchase price *minus* the average closing price for Unilife common stock during the 90-Day Lookback Period, which is $2.40.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 11/15/2016 | $2.95 | 12/14/2016 | $2.58 | 1/13/2017 | $2.40 |
| 11/16/2016 | $2.95 | 12/15/2016 | $2.56 | 1/17/2017 | $2.41 |
| 11/17/2016 | $2.93 | 12/16/2016 | $2.55 | 1/18/2017 | $2.42 |
| 11/18/2016 | $2.90 | 12/19/2016 | $2.53 | 1/19/2017 | $2.42 |
| 11/21/2016 | $2.85 | 12/20/2016 | $2.52 | 1/20/2017 | $2.41 |
| 11/22/2016 | $2.81 | 12/21/2016 | $2.50 | 1/23/2017 | $2.41 |
| 11/23/2016 | $2.77 | 12/22/2016 | $2.48 | 1/24/2017 | $2.41 |
| 11/25/2016 | $2.74 | 12/23/2016 | $2.46 | 1/25/2017 | $2.41 |
| 11/28/2016 | $2.72 | 12/27/2016 | $2.45 | 1/26/2017 | $2.42 |
| 11/29/2016 | $2.70 | 12/28/2016 | $2.43 | 1/27/2017 | $2.42 |
| 11/30/2016 | $2.69 | 12/29/2016 | $2.42 | 1/30/2017 | $2.42 |
| 12/1/2016 | $2.66 | 12/30/2016 | $2.42 | 1/31/2017 | $2.42 |
| 12/2/2016 | $2.65 | 1/3/2017 | $2.41 | 2/1/2017 | $2.42 |
| 12/5/2016 | $2.63 | 1/4/2017 | $2.41 | 2/2/2017 | $2.42 |
| 12/6/2016 | $2.62 | 1/5/2017 | $2.41 | 2/3/2017 | $2.41 |
| 12/7/2016 | $2.62 | 1/6/2017 | $2.41 | 2/6/2017 | $2.41 |
| 12/8/2016 | $2.61 | 1/9/2017 | $2.40 | 2/7/2017 | $2.41 |
| 12/9/2016 | $2.60 | 1/10/2017 | $2.40 | 2/8/2017 | $2.40 |
| 12/12/2016 | $2.60 | 1/11/2017 | $2.40 | 2/9/2017 | $2.40 |
| 12/13/2016 | $2.59 | 1/12/2017 | $2.40 | 2/10/2017 | $2.40 |

## ADDITIONAL PROVISIONS

54.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 57 below) is $10.00 or greater.

55.     If a Settlement Class Member has more than one purchase/acquisition or sale of Unilife common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings of Unilife common stock at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition of Unilife Common Stock made during the Settlement Class Period.

56.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Losses for all shares of Unilife common stock purchased or acquired during the Settlement Class Period.

57.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

58.     Purchases or acquisitions and sales of Unilife common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Unilife Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Unilife common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Unilife common stock unless (i) the donor or decedent purchased or otherwise acquired such stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

59.     Notwithstanding any of the above, receipt of Unilife common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Unilife common stock.

60.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Unilife common stock.  The date of a "short sale" is deemed to be the date of sale of Unilife common stock.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Unilife common stock, the earliest Settlement Class Period purchases or acquisitions of the stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

61.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Unilife common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of Unilife stock on the date of exercise.  Any Recognized Loss arising from

purchases of Unilife common stock acquired during the Settlement Class Period through the exercise of an option on Unilife common stock[8] shall be computed as provided for other purchases of Unilife common stock in the Plan of Allocation.

62.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Unilife common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Unilife common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

63.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Unilife common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[9] and (ii) the sum of the Total Sales Proceeds[10] and Total Holding Value.[11]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Unilife common stock during the Settlement Class Period.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized

---

[8] Including (1) purchases of Unilife common stock as the result of the exercise of a call option, and (2) purchases of Unilife common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[9] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all shares of Unilife common stock purchased or acquired during the Settlement Class Period.

[10] The Claims Administrator shall match any sales of Unilife common stock during the Settlement Class Period, first against the Claimant's opening position in Unilife common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Unilife common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[11] The Claims Administrator shall ascribe a value of $2.40 per share of Unilife common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 14, 2016 (the "Holding Value").  The total Holding Value for all Unilife common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 14, 2016 shall be the Claimant's "Total Holding Value".

Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

65. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

66. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.unilifesecuritieslitigation.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

67. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund plus interest. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $135,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

68.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class to the following recipients: (i) *In re Unilife Corporation Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 6847, Broomfield, CO 80021 and (ii) both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 74 below. The exclusion request must be ***received*** no later than _____, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Unilife Corporation Securities Litigation*, Master File No. 16-cv-03976-RA"; (c) identify and state the number of shares of Unilife Common Stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 9, 2011 and November 14, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

70.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

71.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

**72.     Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing**.

73.     The Settlement Hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Ronnie Abrams at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 1506, 40 Foley Square, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's  motion  for  an  award  of  attorneys'  fees  and  reimbursement  of  Litigation

Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

74.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2017.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received*** **on or before _____, 2017**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Southern District of New York<br>Clerk of the Court<br>Thurgood Marshall<br>United States Courthouse<br>40 Foley Ave.<br>New York, NY  10007 | **Pomerantz LLP**<br>Jeremy Lieberman, Esq.<br>600 Third Ave., 20th Floor<br>New York, NY  10016<br><br>-and-<br><br>**Glancy Prongay & Murray LLP**<br>Lionel Z. Glancy, Esq. 1925 Century Park East Suite 2100<br>Los Angeles, CA 90067 | **Simpson Thacher & Bartlett LLP**<br>Peter Kazanoff, Esq.<br>425 Lexington Ave.<br>New York, NY 10017<br><br>-and-<br><br>**Drinker Biddle & Reath LLP**<br>Mary Hansen, Esq.<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103<br><br>-and-<br><br>**Crowell & Moring LLP**<br>Daniel Zelenko, Esq.<br>590 Madison Avenue, 20th Fl.<br>New York, NY 10022<br><br>-and-<br><br>Cozen O'Connor<br>Frederick Schmidt, Esq.<br>277 Park Avenue<br>New York, New York 10172 |

75.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Unilife common stock that the objecting

Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 9, 2011 and November 14, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2017**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

78.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 74 above so that the notice is *received* **on or before _____, 2017**.

79.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

80.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| :---: |

81.   If you purchased or otherwise acquired Unilife common stock between November 9, 2011 and November 14, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Unilife Corporation Securities Litigation*, c/o JND Legal

Administration, P.O. Box 6847, Broomfield, CO 80021. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.unilifesecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-844-864-9035.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

82.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.unilifesecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re Unilife Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 6847
Broomfield, CO 80021
1-844-864-9035
www.unilifesecuritieslitigation.com

and/or

| Jeremy Lieberman, Esq. | Lionel Z. Glancy, Esq. |
|---|---|
| Pomerantz LLP | Glancy Prongay & Murray LLP |
| 600 Third Avenue, 20th Floor | 1925 Century Park East, Suite 2100 |
| New York, NY 10016 | Los Angeles, California 90067 |
| 1-888-476-6529 | 1-888-773-9224 |
| settlement@pomlaw.com | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017

By Order of the Court
United States District Court
SDNY

22