```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___ 0 4 2018
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE UNILIFE CORPORATION
SECURITIES LITIGATION

Master File No. 16-cv-03976-RA

---

### ~~[PROPOSED]~~ ORDER GRANTING AUTHORIZATION TO DISTRIBUTE
### THE NET SETTLEMENT FUND

Plaintiffs Richard Carrazza and Richard Farino ("Lead Plaintiffs") and Plaintiffs Bill Bulcock and Manuel A. Quintero Gomez (together with Lead Plaintiffs, "Plaintiffs"), through their Counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Robert Cormio in Support of Lead Counsel's Motion for Approval of Distribution Plan (the "Cormio Declaration" or "Cormio Decl."):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 22, 2017 (ECF No. 53-1) (the "Stipulation") and the Cormio Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation and the Cormio Declaration.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Cormio Declaration to Authorized Claimants is **APPROVED**.

Accordingly:

(a)     The administrative recommendations of the Court-approved Claims Administrator, JND Legal Administration ("JND" or "Claims Administrator") to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Cormio Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Cormio Declaration, are adopted;

(b)     The Claims Administrator's administrative recommendations to reject wholly ineligible Claims as set forth in Exhibit B-3 to the Cormio Declaration are adopted;

(c)     JND is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth paragraph 37 of the Cormio Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d)     In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO WAIVER IF NOT CASHED BY 120 DAYS AFTER ISSUE DATE.";

(e)     Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 37 or footnote 6 of the Cormio

Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with JND, determine that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 37 and footnote 6 of the Cormio Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f)      After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (paragraph 37 and footnote 6 of the Cormio Declaration), but no earlier than eight (8) months after the Distribution, JND shall, if Lead Counsel, in consultation with JND, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with JND, determine that further re-distribution is not cost effective;

3

(g)     At such time as Lead Counsel, in consultation with JND, determine that further re-distribution of the funds remaining in the Net Settlement Fund is not cost effective, and if any funds shall remain in the Net Settlement Fund after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court;

(h)     No new Claims shall be accepted after November 13, 2018, and no further adjustments to Claims received on or before November 13, 2018 that would result in an increased recognized claim amount shall be made for any reason after November 13, 2018, subject to the following exception. If Proofs of Claim are received or modified after November 13, 2018 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that Lead Counsel, in consultation with JND determines that a re-distribution is not cost effective as provided in subparagraph (g) above, after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim Forms submitted in this Action,

4

or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of JND's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the are approved, and Lead Counsel is directed to pay the outstanding balance of $ $22,492.53 out of the Settlement Fund to JND; and

(k) Unless otherwise ordered by the Court, one year after the Initial Distribution JND shall destroy the paper copies of the Proofs of claim and all supporting documentation and, three years after all funds have been distributed, JND. Data shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: _Decem 4_, 201 8

The Honorable Ronnie Abrams
United States District Judge